UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:04-CR-15-02

v.

Hon. Richard Alan Enslen

GERARDO MEJIA,

**OPINION**

        Defendant.
_____/

      This matter is before the Court on Defendant Gerardo Mejia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Government has answered the Motion in opposition. Defendant has failed to file a timely reply. Further hearing is unnecessary in light of the Court's review of the record pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    **BACKGROUND**

      On May 24, 2004, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana. He admitted responsibility for distributing a marijuana equivalent of 435 kilograms of cocaine and marijuana. (Pre-Sentence Investigation Report ¶ 5.) His written Plea Agreement contained the admission that he was responsible for between 400 and 700 kilograms of marijuana equivalent of controlled substances. (Plea Agreement ¶ 7.) By the same Agreement, he admitted to acting as a manager or supervisor of criminal activity, but not more, for the purpose of scoring under U.S.S.G. § 3B1.1. (*Id.*) In said Agreement, he also acknowledged his understanding that no promise was made as to the sentence he would receive other than it would not

exceed the statutory maximum. (*Id.* at ¶ 9.) This Plea Agreement was prudentially reached by Defendant and defense counsel since, at the time, other conspiracy members had already pled guilty and were prepared to cooperate against Defendant in the event of trial. (*See, e.g.,* Plea Agreement of Rolando Reyna ¶ 5.)

Defendant was sentenced on September 1, 2004 to a term of 97 months (the low end of a guideline range of 97 to 121 months). This sentence and sentencing range was based on a total offense level of 28 and a criminal history category of III. He and his counsel did not make guideline objections, nor could have they since the basic facts dictating the criminal scoring were agreed as part of the Plea Agreement and were otherwise readily proven. As part of the sentence, the Court also recommended that Defendant be enrolled as part of the Bureau of Prisons' 500-hour substance abuse program. This recommendation makes Defendant eligible for a discretionary reduction of sentence not to exceed one year if he successfully completes the program and fulfills the program criteria for a sentencing reduction. *See* 28 C.F.R. § 550.58. Defendant did not timely appeal his conviction.

On or about September 2, 2005, Defendant filed the instant Motion. Defendant raises four grounds in his Motion: (1) defense counsel was ineffective in advising Defendant to plead guilty and misinformed Defendant that he would receive less than seven years in prison if he pled guilty; (2) he is entitled to relief under *United States v. Booker*, 125 S. Ct. 738 (U.S. 2005) concerning the scoring of his drug quantities; (3) defense counsel was ineffective for failing to object to the enhancement of his sentence generally under the United States Sentencing Guidelines; and (4) counsel was ineffective for failing to object to the criminal history scoring in light of *United States v. Shepard*, 125 S. Ct. 1254 (U.S. 2005).

**LEGAL STANDARDS**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S.Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*. Technical violations of the sentencing guidelines do not warrant relief under the statute. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). A movant must ordinarily show "cause" for failure to raise the issue on direct appeal and "actual prejudice" resulting from the error. *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)). *See also Maupin v. Smith*, 785 F.3d 139 (6th Cir. 1986); *Gonzales v. Elo*, 233 F.3d 348, 353 (6th Cir. 2000); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

Under certain circumstances, constitutionally ineffective assistance of counsel may constitute both a violation of Defendant's Sixth Amendment rights and "cause" for the failure to raise issues on direct appeal. The United States Supreme Court's bell-weather decision on effective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to establish ineffective assistance of counsel, the movant must show both that counsel's performance was

deficient and that the deficient performance prejudiced the defense. *Id.* at 687. In gauging counsel's performance, the Supreme Court emphasized that,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689 (citations omitted). In determining prejudice, the courts are to determine whether, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**LEGAL ANALYSIS**

**1. *Booker* Arguments**

Of Defendant's four arguments, two of the arguments, the second and third, flow from the *Booker* decision. It is true, since Defendant was sentenced before *Booker*, that his sentencing did not comply with the *Booker* procedures and an appeal would have likely resulted in a remand for the purpose of achieving compliance with the *Booker* procedures.[1] With that said, however, Defendant is not entitled to relief. First of all, this Circuit has ruled that the *Booker* decision does not apply

---

[1] Defense counsel (Paul Denenfeld) did act to preserve *Blakely v. Washington*, 124 S. Ct. 2531 (U.S. 2004) objections. *See* Sentencing Mem., 2 n.2. However, it appears that Defendant simply chose to forego appeal in light of the Plea Agreement struck.

retroactively such that it does not cover sentences which were final due to lack of appeal prior to *Booker* (such as Defendant's sentence). *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Second, while it is clear that Defendant is arguing that counsel was ineffective for not further anticipating the *Booker* decision, the *Strickland* standard does not require that defense counsel possess that kind of crystal ball. It does require that counsel make reasonable strategic decisions and provide Defendant with intelligent legal advice. It appears that counsel met and exceeded the *Strickland* standards in the context of this representation and in negotiating this Plea Agreement. The Plea Agreement resolved the scoring issues by reaching a non-binding arrangement concerning the scoring which was acceptable to both the Government and Defendant. Defendant benefitted from that arrangement because he did not receive certain enhancements which were considered, such as a firearm enhancement (*see* Plea Agreement ¶ 7.B), which enhancements would have had the likely effect of not only increasing his guideline scoring but also making Defendant ineligible for a sentencing reduction under 28 C.F.R. § 550.58(a)(vi)(B). This was highly effective representation especially since, at the time, the prevailing opinion in this Circuit was that the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), would not result in relief to federal criminal defendants. *See United States v. Koch,* 383 F.3d 436  (6th Cir. Aug. 26, 2004) (*en banc* ), *overruled* by *United States v. Booker*, 125 S. Ct. 738 (U.S. 2005). For all of these reasons, the Court finds Defendant's second and third *Booker* arguments unavailing.

### 2. *Shepard* Argument

In his fourth ground, Defendant is also urging this Court to find fault with counsel for not anticipating another 2005 decision by the United States Supreme Court, referring to its decision in *Shepard*. This argument does not work in the context of Defendant's sentence. First of all, the

*Shepard* case concerned an application of the Armed Career Criminal Act (18 U.S.C. § 924(e)), which is not at all pertinent to this Defendant. *See Shepard*, 125 S. Ct. at 1263. Second, the *Shepard* holding, while it reversed the law of the Third Circuit, did not reverse or overturn the law of this Circuit, which was consistent with the holding in *Shepard*. Third, while certain *dicta* in *Shepard* may have suggested that the rule in *Booker* requires criminal history scoring to be submitted to a jury for factual finding, this application has been so far rejected by the Sixth Circuit. *See United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) (holding that *Booker*, *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) do not require enhancements premised on the nature of past convictions to be submitted to a jury for factual findings). Therefore, the *dicta* and holding in *Shepard* do not merit relief.

### **3. Sentencing Prediction Performance**

Finally, the first ground urged by Defendant accused defense counsel of making a false sentencing prediction. This ground is contradicted by the language of the plea agreement–which expressly declined any prediction other than the sentence would be less than the statutory maximum (which in the Court's experience is the only kind of prediction in which experienced defense counsel, such as Mr. Denenfeld, would have engaged). Furthermore, the statement, if considered a prediction of actual prison time to be served, was most likely accurate–considering that prisoners may get potential reductions for good behavior and pre-release custody under 18 U.S.C. §§ 3624(b)(1) and (c) and considering the potential for a reduction of time due to successful completion of the 500-hour substance abuse treatment program under 28 C.F.R. § 550.58. Even if Defendant was somehow tricked by a false prediction, it did not cause him prejudice. His plea was a foregone conclusion given that fellow conspiracy members were cooperating with the Government. The terms of the Plea

Agreement were wholly reasonable and the product of arms-length bargaining. Therefore, Defendant is not entitled to relief on the first ground raised.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the four grounds raised, the Court determines that this standard is not met as to any of the grounds asserted. In light of the case law and principles discussed, the positions maintained by Defendant are not reasonably debatable nor do they otherwise deserve encouragement on appeal.

## CONCLUSION

For the reasons given, a Final Order shall enter denying the section 2255 motion and denying a certificate of appealability as to all issues asserted.

```
                                              /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                      RICHARD ALAN ENSLEN
       November 3, 2005                      SENIOR UNITED STATES DISTRICT JUDGE
```